# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| In re: | Case No. 22-50804 |
| VOLUNTEER ENERGY SERVICES, INC., | Chapter 11 |
| Debtor. | Judge Nami Khorrami |
| THE VOLUNTEER ENERGY LIQUIDATING TRUST, THROUGH JOHN B. PIDCOCK, AS LIQUIDATING TRUSTEE OF VOLUNTEER ENERGY LIQUIDATING TRUST, | Adv. Proc. No. 24-2021 |
| Plaintiff, v. | |
| VOLLI COMMUNICATIONS, INC., | |
| Defendant. | |

## MOTION OF DEFENDANT VOLLI COMMUNICATIONS, INC. TO DISMISS LIQUIDATING TRUSTEE'S COMPLAINT (DOC. NO. 1)

Defendant Volli Communications, Inc., by and through counsel, hereby moves to dismiss the instant adversary complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as made applicable to this case by Rule 7012 of the Federal Rules of Bankruptcy Procedure. The grounds supporting this motion are set forth in the attached Memorandum in Support.

Dated:  June 21, 2024                          Respectfully submitted,

**ICE MILLER LLP**

*/s/ John C. Cannizzaro*
John C. Cannizzaro (0085161)
250 West Street
Columbus, OH 43215
Phone: 614-462-2700
John.Cannizzaro@icemiller.com

*Counsel for Defendant*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| In re: | Case No. 22-50804 |
| VOLUNTEER ENERGY SERVICES, INC., | Chapter 11 |
| Debtor. | Judge Nami Khorrami |
| THE VOLUNTEER ENERGY LIQUIDATING TRUST, THROUGH JOHN B. PIDCOCK, AS LIQUIDATING TRUSTEE OF VOLUNTEER ENERGY LIQUIDATING TRUST, | Adv. Proc. No. 24-2021 |
| Plaintiff, | |
| v. | |
| VOLLI COMMUNICATIONS, INC., | |
| Defendant. | |

**MEMORANDUM IN SUPPORT OF MOTION OF DEFENDANT VOLLI
COMMUNICATIONS, INC. TO DISMISS LIQUIDATING TRUSTEE'S COMPLAINT**

Defendant Volli Communications, Inc. ("Defendant") hereby submits this Memorandum of Law in support of its motion to dismiss the instant adversary complaint (the "Complaint") filed by John B. Pidcock as Liquidating Trustee of Volunteer Energy Liquidating Trust ("Plaintiff") and respectfully states as follows:

## I.   INTRODUCTORY STATEMENT

1.      This action arises out of the bankruptcy case of Volunteer Energy Services, Inc. ("Volunteer"). The Complaint alleges a variety of claims related to purported transfers by

Volunteer to an unnamed third party that purportedly benefited Defendant. As explained below, the Court should dismiss each cause of action for failure to state a claim.

## II.    LEGAL STANDARD FOR MOTION TO DISMISS

2.     Rule 8(a) of the Federal Rules of Civil Procedure, as made applicable by Rule 7008 of the Federal Rules of Bankruptcy Procedure, establishes the basic requirements for pleadings in all federal civil actions. It states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2).

3.     Federal Rule of Civil Procedure 12(b)(6) applies in adversary proceedings. Fed. R. Bankr. Proc. 7012(b). To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When determining whether a plaintiff has stated a claim upon which relief can be granted, a court must construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations as true, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plausible claim "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. The factual allegations "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." *Id.* A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

4.     In deciding a motion to dismiss, a court may consider documents attached to the complaint and certain other documents referenced therein. *DBI Invs., LLC v. Blavin*, 617 F. App'x 374, 376 (6th Cir. 2015) (citing *Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999)

2

(documents are properly considered as part of the pleadings if the document "is referred to in the complaint and is central to the plaintiff's claim") (internal quotation marks omitted)); *see also In re Omnicare, Inc. Sec. Litig.*, 769 F.3d 455, 466–67 (6th Cir. 2014). Under such circumstances, the court may consider the extraneous document without requiring the conversion of the motion to one for summary judgment. *In re Omnicare, Inc. Sec. Litig.*, 769 F.3d 455, 466 (6th Cir. 2014).

5.      A court may also consider facts of which it may take judicial notice without converting the motion to one for summary judgment under Rule 56. *Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999); Fed. R. Civ. P. 12(d). For example, a court may take judicial notice of the contents of the docket in the underlying bankruptcy case. Fed. R. Bankr. P. 9017; Fed. R. Evid. 201(b)(2); *In re Irons*, 572 B.R. 877, 881 (Bankr. N.D. Ohio 2017).

6.      When the facts available affirmatively show that no relief can be granted, a complaint must be dismissed. *See Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012) (dismissal under Rule 12(b)(6) appropriate when facts as allege show claim is time-barred); *Apseloff v. Family Dollar Stores, Inc.*, 236 F. App'x 185, 187 (6th Cir. 2007) (application of preclusive doctrines supports dismissal under Rule 12(b)(6)).

7.      For fraud or claims that have a fraudulent component, Rule 9(b) imposes a heightened pleading requirement and requires a party to "state with particularity the circumstances constituting fraud or mistake." *Franke v. Norfolk S. Ry. Co.*, N.D. Ohio No. 3:20 CV 2152, 2021 Dist. LEXIS 159285, at *9 (Aug. 24, 2021); *Preserve Partners, Inc. v. Sawmill Park Properties, LLC*, 2022 WL 4472957 (S.D. Ohio 2022) ("Plaintiffs cannot base claims of fraud on speculation and conclusory statements." *Id.* at *25 (*citing Sanderson v. HCA-The Healthcare Co.*, 447 F.3d 873 (6th Cir. 2006)). "[A] court need not 'accept as true a legal conclusion couched as a

4889-2926-7145.1

factual allegation.'" *In re Porsche Cars N. Am., Inc. Plastic Coolant Tubes Prods. Liab. Litigation*, 880

F. Supp. 2d 801, 814 (S.D. Ohio 2012).

### III.   LAW AND ARGUMENT

**A.   The Court should dismiss the First Claim for Relief because it fails to plausibly plead a claim for turnover of property of the estate under section 542 of the Bankruptcy Code.**

8.   The First Claim for Relief, titled "Collection and Turnover of Property of the

Estate," seeks to recover "more than $132,000, along with expenses, costs, and pre-judgment and

post-judgment interest until satisfied pursuant top 11 U.S.C. § 542." Compl. at ¶ 25.

9.   Section 542(b) of the Bankruptcy Code states that "an entity that owes a debt that

is property of the estate and that is matured, payable on demand, or payable on order, shall pay

such debt to, or on the order of, the trustee, except to the extent that such debt may be offset under

section 553 of this title against a claim against the debtor." 11 U.S.C. § 542(b).

*10.*   Turnover under section 542 is intended as a remedy to obtain what is acknowledged

to be property of the bankruptcy estate; it is not intended as a mechanism to determine disputed

rights of parties. *Jurista v. Amerinox Processing, Inc.*, 492 B.R. 707, 755 (D.N.J. 2013); *see also In re*

*Arter & Hadden, LLP*, 339 B.R. 445, 451 (Bankr. N.D. Ohio 2006) (same); *Agnew v. United Leasing*

*Corp.*, 680 F. App'x. 149, 154 (4th Cir. 2017) ("It is settled law that the debtor [or in this case,

trustee] cannot use the turnover provisions to liquidate contract disputes or otherwise demand

assets whose title is in dispute.") (quoting *United States v. Inslaw, Inc.*, 932 F.2d 1467, 1473 (D.C.

Cir. 1991)); *In re Patriot Coal Corp.*, 631 B.R. 648, 656 (Bankr. E.D. Mo. 2021); *Dershaw v. Ciardi*

*(In re Rite Way Elec., Inc.)*, 510 B.R. 471, 484 (Bankr. E.D. Pa. 2014). "Implicit in the bankruptcy

concept of turnover is the idea that the property being sought is clearly property of the Debtor but

not in the Debtor's possession. Turnover is not the provision of the Code to determine the rights

4

of the parties[.]" *Amerinox Processing*, 492 B.R. at 756 (internal citation omitted). Until a debtor's

claims against defendants are liquidated in a court of competent jurisdiction or by agreement, they

cannot be enforced through a turnover order. *In re Satelco, Inc.*, 58 B.R. 781, 768 (Bankr. N.D. Tex.

1986).

11.    In short, Congress envisioned the turnover provision of section 542 to apply to

tangible property and money due to the debtor without dispute which are fully matured and payable

on demand. *See United States v. Whiting Pools, Inc.*, 462 U.S. 198, 202-03, 103 S.Ct. 2309, 2312-13,

76 L.Ed.2d 515 (1983). As a result, turnover claims for assets which are the subject of disputed

causes of action are routinely dismissed as not being ripe. *See Schlossberg v. Madeoy (In re Madeoy)*,

576 B.R. 484 (Bankr. D. Md. 2017) (citing *Pry v. Maxim Glob. Inc. (In re Maxim Truck Co. Inc.)*, 415

B.R. 346, 357 n. 4 (Bankr. S.D. Ind. 2009)) ("[T]he Trustee's remedy under § 542 for turnover . .

. only ripens upon a determination by the Court that the property in dispute is, in fact, property of

the estate."). *In re RedF Mktg., LLC*, 589 B.R. 534, 546 (Bankr. W.D. N.C. 2018).

12.    Here, the First Claim for Relief pleads no facts in support of its turnover claim.

Instead, it makes a vague reference to "indebtedness due and owing under the above-referenced

open account" that "continues to increase through interest, costs, and attorneys' fees." Compl.

at ¶ 23. There is no open account referenced in the preceding paragraphs of the Complaint.

13.    As is explained in more detail below, the Complaint contains virtually no factual

allegations about the alleged debt or the transfers that gave rise to it. It does not even plausibly

plead the existence of a contract, agreement, or account, let alone an undisputed amount due and

owing that should be turned over as property of the estate. This does not satisfy Rule 8.

14.    For these reasons, the First Claim for Relief should be dismissed.

**B.    The Court should dismiss the Second and Third Claims for Relief because they fail to plausibly plead fraudulent transfer claims.**

15.    Plaintiff's Second and Third Claims for Relief are really four claims—a claim under section 548(a)(1)(A) [actual fraudulent transfers]; a claim under section 544 to avoid transfers that could have been avoided by a creditor under section 1336.04(A)(1)[1] of the Ohio Revised Code [actual fraudulent transfers]; a claim under section 548(a)(1)(B) [constructive fraudulent transfers]; and a claim under section 544 to avoid transfers that could have been avoided by a creditor under section 1336.04(A)(2) [constructive fraudulent transfers].

16.    None of these claims is plausibly pleaded and therefore each should be dismissed.

**1.    The Second Claim for Relief does not meet the pleading requirements of Rule 8 and Rule 9.**

17.    In assessing federal and state law avoidance actions under Rule 8, "bankruptcy courts have required a plaintiff's complaint to provide more than a mere recitation of the statutory elements for avoidance." *In re Chambers*, No. 19-10309, 2020 WL 8184302, at *3 (Bankr. S.D. Ohio Sept. 18, 2020) (citing *State Bank and Tr. Co. v. Spaeth (In re Motorwerks, Inc.)*, 371 B.R. 281, 292 (Bankr. S.D. Ohio 2007)). Instead, a plaintiff must include enough facts to sufficiently identify each transfer being avoided. *Motorwerks*, 371 B.R. at 292. "This generally requires the complaint to set forth the nature of the transfer, date of the transfer and amount of the transfer (if monetary in nature), together with the names of the transferor and transferee." *Chambers*, 2020 WL 8184302, at *3 (citing *Motorwerks*, 371 B.R. at 293). Further, fraudulent transfer claims based on actual fraud

---

[1] The Second Claim for Relief only references section 1336.04(A). This is likely intended to be a reference to section 1336.04(A)(1) given that the Second Claim for Relief discusses badges of fraud and the Third Claim for Relief expressly discusses constructive fraudulent transfers under 1336.04(A)(2). This Motion presumes that Plaintiff intended to plead a claim under section 1336.04(A)(1) in the Second Claim for Relief.

6

must be pleaded with particularity under Rule 9(b). *Motorwerks*, 371 B.R. at 295; *Chambers*, 2020 WL 8184302, at *7.

18.      Here, the Second Claim for Relief contains little more than blanket recitations of the elements of avoidance claims.

19.      To start, the Second Claim for Relief asserts that Defendant "was the recipient and/or beneficiary of fraudulent transfer [sic] from VESI at least in the amount of the transfer made to a third-party heath [sic] care provider on behalf of Volli's employees." Compl. at ¶ 29. Nowhere in the Second Claim for Relief or the rest of the Complaint is there any discussion of the date of any transfer, the amount of any transfer, or even the name of the alleged third-party transferee for whose benefit transfers were allegedly made. This does not satisfy the requirements of Rule 8 as set forth in *Motorwerks*, let alone the requirements of Rule 9(b).

20.      The Second Claim for Relief then asserts that the unidentified transfers were made with the actual intent to hinder, delay, or defraud creditors and attempts to support this assertion by listing "badges of fraud." Compl. at ¶¶ 29–30. Yet these badges of fraud consist of no more than conclusory statements unsupported by any facts.

21.      For example, Plaintiff alleges that, "as noted, VESI was insolvent at the time of the transfers." Compl. at ¶ 30. The prior paragraphs of the Complaint do not note that Volunteer was insolvent. And the remaining paragraphs only make the conclusory statement that Volunteer was insolvent. *See, e.g.*, Compl. at 34 ("VESI was insolvent during the one-year period prior before the Petition Date (the 'Preference Period')") (defined term in original). The Complaint ultimately pleads no facts related to insolvency. But even if it did, it would be impossible to tell whether that

4889-2926-7145.1

insolvency existed at the time the alleged transfers occurred since it does not plead what transfers Plaintiff is seeking to avoid or when the transfers occurred.

22.     Plaintiff also alleges that Volunteer did not receive reasonably equivalent value. But apart from a conclusory recitation of that element, the Complaint pleads no facts related to value received (and again, does not even discuss the transfers at issue).

23.     Plaintiff then asserts that alleged transfers remained concealed. Concealed how, or from whom? The Complaint pleads no facts to support this contention.

24.     Ultimately, the Second Claim for Relief does not meet the pleading requirements for Rule 8, let alone the particularity requirements of Rule 9(b). The Court must therefore dismiss.

       **2.      The Third Claim for Relief does not meet the pleading requirements of Rule 8.**

25.     The Third Claim for Relief suffers from the same deficiencies as the Second Claim for Relief. Paragraphs 37 and 38 purport to recite the legal standard for constructive fraudulent transfer claims under section 548(a)(1)(B) of the Bankruptcy Code and section 1336.04(A)(2) of the Ohio Revised Code. Paragraphs 39 through 43 then go on to blanketly recite the elements of these legal standards. Plaintiff pleads no facts about reasonably equivalent value, no facts about unpaid creditors at the time of the transfers, and as noted above, no facts about solvency.

26.     And there is again no attempt to plead the nature of each transfer, date of each transfer and amount of each transfer, or the names of the transferor and transferee as required by *Motorwerks*.

27.     Like the claims that came before it, the Third Claim for Relief does not meet the pleading requirements for Rule 8 and should be dismissed.

4889-2926-7145.1

**C.** **The Court should dismiss the Fourth Claim for Relief because it fails to plausibly plead conversion.**

28.     Under Ohio law, the elements for a claim of conversion are: "(1) [plaintiff's] ownership or right to possession of the property at the time of conversion, (2) a wrongful act or disposition of that property right by the defendant, and (3) damages." *Hutchings v. Hutchings*, 2019-Ohio-5362, ¶ 23, 150 N.E.3d 548, 554 (6th Dist.) (*citing Peirce v. Szymanski*, 6th Dist. Lucas No. L-11-1298, 2013-Ohio-205 (Jan. 25, 2013)).

29.     Plaintiff's allegations again fall short of alleging anything like the "wrongful disposition" of property. The first of only two substantive paragraphs in the Fourth Claim for Relief contains the bare allegation that Defendant "misappropriated" assets of Volunteer. Compl. at ¶ 46. There is of course no factual support for this statement. In fact, nothing in the Complaint suggests that Defendant took any money from Volunteer. If anything, it alleges that others transferred money from Volunteer to Defendant. This is not conversion.

30.     The second paragraph then asserts that Plaintiff suffered damages in excess of $75,000. Compl. at ¶ 47. There is again no discussion of damages (and in any event, Plaintiff would not have suffered any damages because the Liquidating Trust did not exist at the time of the alleged conversion).

31.     Because the Fourth Claim for Relief fails to meet the basic pleading requirements for a conversion claim, it should be dismissed.

**D.** **The Court should dismiss the Fifth Claim for Relief because the Complaint fails to properly plead facts to support a claim for unjust enrichment.**

32.     To plead a cause of action for unjust enrichment, a plaintiff must allege that "(1) the plaintiff conferred a benefit upon the defendant, (2) the defendant had knowledge of such benefit and (3) the defendant retained that benefit under circumstances in which it would be unjust

9

for him or her to retain that benefit." *Cleveland Central Cath. High School v. Mills*, 2018-Ohio-4873, 125 N.E.3d 328, 340 (8th Dist.) (*quoting Johnson v. Microsoft Corp.*, 834 N.E.2d 791, 799 (Ohio 2005); *Hambleton v. R.G. Barry Corp.*, 465 N.E.2d 1298 (Ohio 1984)).

33.    Here, the Fifth Claim for Relief makes only bare references to the elements of unjust enrichment. It fails to plead any facts to plausibly support a claim, including: (1) what if any benefits were conferred, (2) the value of any such benefits, and (3) the dates alleged payment were made, the parties for whose benefit the payments were made, or the ultimate recipient of any payments or benefits. As such, the Complaint fails to plead sufficient facts to support a claim. *See Iqbal*, 556 U.S. at 678 ("claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."); *Wittstock v. Mark A. Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003) ("[t]o avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all the material elements of the claim.").

34.    Plaintiff also asserts that "the Defendant's conscious, intentional, and willful tortious conduct entitles Plaintiff to recapture profits derived by the Defendant utilizing monies it received from VESI." Compl. at ¶ 52.

35.    Under Ohio law, damages for unjust enrichment are measured by the value conferred. *Reisenfeld & Co. v. Network Grp., Inc.*, 277 F.3d 856, 863 n.1 (6th Cir. 2002). The Complaint appears to be asserting some form of unjust enrichment-tort hybrid claim. Such a claim does not exist under Ohio law.

36.    Accordingly, the claim for unjust enrichment should be dismissed.

**E.**    **The Court should dismiss the Sixth Claim for Relief because it depends on the First and Second Claims for Relief.**

37.    Plaintiff's Sixth Claim for Relief seeks disallowance and reconsideration of any claim of Defendant based on the alleged avoidability of the unidentified transfers.

38.    Plaintiff's claim objection expressly depends on the Second and Third Claims for Relief, which must be dismissed for the reasons stated above. If the Court dismisses those claims, then it must also dismiss the claim objection.

**F.**    **The Court should dismiss the Complaint as it relates to Plaintiff's request for attorney's fees.**

39.    In the prayer for relief, Plaintiff demands attorney's fees.

40.    The "American Rule" disallows attorney fees to the prevailing party except when specifically recognized by statute or common law and is still the prevailing rule both under federal and Ohio law. *See Riddle v. Egensperger*, 266 F.3d 542 (6th Cir.2001); *Argentine v. United Steelworkers of Amer.*, 287 F.3d 476, 488–89 (6th Cir. 2002); *Davidson v. Weltman, Weinberg & Reis*, 285 F.Supp. 2d 1093 (S.D. Ohio 2003); *Wilborn v. Bank One Corp.*, 121 Ohio St.3d 546, 906 N.E.2d 396 (2009); *Nottingdale Homeowners' Ass'n, Inc. v. Darby*, 33 Ohio St.3d 32, 514 N.E.2d 702 (1987).

41.    "The Sixth Circuit has ruled that '[c]laims for attorney fees are items of special damage which must be specifically pleaded under Federal Rule of Civil Procedure 9(g). In the absence of allegations that the pleader is entitled to attorney's fees, therefore, such fees cannot be awarded.'" *In re Antioch Co.*, 451 B.R. 810, 816 (Bankr. S.D. Ohio 2011) (quoting *American Cas. Co. v. City of Detroit (In re American Cas. Co.)*, 851 F.2d 794, 802 (6th Cir. 1988)).

42.    None of the claims alleged in the Complaint would typically give rise to an award of attorney's fees, and the Complaint pleads no facts that would otherwise support an award of attorney's fees. The Court should thus dismiss the Complaint to the extent it seeks attorney's fees.

4889-2926-7145.1

IV.  **CONCLUSION**

43.  For the above stated reasons, Defendant asks that the Court dismiss Plaintiff's

Complaint and for such other relief as is just and proper.

Dated: June 21, 2024                                  Respectfully submitted,

                                                     **ICE MILLER LLP**

                                                     */s/ John C. Cannizzaro*
                                                     John C. Cannizzaro (0085161)
                                                     250 West Street, Suite 700
                                                     Columbus, OH 43215
                                                     Phone: 614-462-2700
                                                     Email: John.Cannizzaro@icemiller.com

                                                     *Counsel for Defendant*

12

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing *MOTION OF DEFENDANT VOLLI COMMUNICATIONS, INC. TO DISMISS LIQUIDATING TRUSTEE'S COMPLAINT* and the memorandum in support thereof were served (i) electronically on the date of filing through the court's CM/ECF System on all ECF participants registered in this case at the email address registered with the court, and (ii) by email upon the attorneys representing Plaintiff at the following email addresses:

**Christopher B. Wick** [cwick@hahnlaw.com]
**Daniel A. DeMarco** [dademarco@hahnlaw.com]
**Christopher S. Baxter** [cbaxter@hahnlaw.com]

*/s/ John C. Cannizzaro*
John C. Cannizzaro